ISRAELSON et al. v. VALENSTEIN.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—EVIDENCE.
    In an action for rent, evidence *held* insufficient to sustain a finding of
    an oral letting for a year, so as to authorize recovery of rent after de-
    fendant had left the premises at the end of a month.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§.
    926–934;  Dec. Dig. § 231.*]

2. ACTION (§ 65*)—RENT ACCRUING AFTER SUIT BROUGHT.
    In an action for rent under an alleged holdover tenancy for a year,
    plaintiff could not recover rent accruing after suit brought.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 735, 736;  Dec.
    Dig. § 65.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth.
District.

Action by Jacob Israelson and others against Moses Valenstein..
Judgment for plaintiffs, and defendant appeals.   Reversed, and new
trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.,

Julius Fine, for appellant.
Arthur C. Mandel, for respondents.

SEABURY, J.  The summons in this case was issued on March
25, 1911, and served on the 27th day of March, 1911.   The com-
plaint sets forth that the defendant had occupied a certain apartment
at 1770 Madison avenue, in this city, for several years prior to Octo-
ber 1, 1909;  that prior to that day the plaintiffs and the defendant
had entered into an agreement by the terms of which the defendant
was to remain in said apartment at an annual rental of $540, com-
mencing on October 1, 1909, which sum was to be paid in monthly
installments of $45 per month;  that defendant remained in said
premises and paid said rent up to October 1, 1910, and continued in
possession after October 1, 1910, and paid that month's rent, and
"thereby elected to continue the tenancy another year, commencing
on October 1, 1910, at the same rent."   It further averred that the
rent for the months of November and December, 1910, and for
January, February, and March, 1911, had not been paid, and that
for the rent for the month of April, 1911, the defendant would be
indebted to the plaintiffs at the time of the trial of this action.
Plaintiffs have recovered a judgment for the sum of $270, which
includes the April rent, although at the time the action was com-
menced no cause of action for the April rent had accrued.

[1] It is undisputed that the defendant had occupied the apartment
as a monthly tenant for upwards of 13 years prior to the time of the
trial, and at no time had a written lease been made;  he having always,.
at least prior to the alleged yearly letting from October, 1909, been a
monthly tenant.   The plaintiffs relied upon a conversation alleged to.
have been had with one of them and the defendant, in September,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

1909, as constituting an oral lease for one year from October 1, 1909. One of the plaintiffs testified that he met the defendant in the hall of the apartment in September, 1909, and that defendant asked him for a reduction of his rent from $50 per month to $45 per month; that plaintiff said, "Well, if you want to stay for a year from October 1st, I will reduce the rent to $45 per month;" and that the defendant said in answer to that, "That was agreeable to him." Upon cross-examination the plaintiff was unable to state upon what day, or in what portion of the building this conversation occurred, and his testimony as to the matter was so uncertain and indefinite, and his recollection of the occurrence so imperfect, as to make his testimony of but little value. No suggestion that this oral agreement should be embodied in a written lease was made by this plaintiff, although the plaintiffs had owned the building for 4½ years prior to this time, and must have known that he was but a monthly tenant therein. The defendant denied positively that he had ever had any conversation whatever with the plaintiffs regarding his rent. He testified that he was absent from the city from June 15 to September 23, 1909, that after his return he asked the janitor, who is designated as the superintendent in the testimony, and to whom he had uniformly paid the rent, and who it is conceded had charge of the building, for a reduction of his rent to correspond with other tenants in the building; that the janitor said he would see this plaintiff, and that he subsequently told the defendant that he had seen this plaintiff, and that his rent had been reduced to $45 per month. The janitor corroborated the defendant in this, and also testified that he did lay the defendant's request before this plaintiff, and was instructed by him to reduce the rent as aforesaid. This testimony was not disputed by the plaintiff. The defendant paid his October, 1910, rent, and removed from the premises the last of that month. The attorney for the plaintiffs attempted to prove an admission made to him by the defendant, when he was served with the summons in the action, to the effect that for the year 1909, the defendant had a lease. This so-called admission is positively contradicted by the defendant, and is so uncertain in its nature as to be far from constituting proof of an oral lease of the premises for the year 1909.

[2] The judgment for the April, 1911, rent could not be sustained for any reason, and under the facts and circumstances disclosed by the testimony, together with the reasonable probabilities to be drawn therefrom, it cannot be said that the plaintiffs sustained the burden of proof, so as to render the defendant liable as a holdover for an entire year's rent.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.